**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

UNITED STATES OF AMERICA

Case No. 1:12-cr-968 (JFK)

vs.

LEONARD WOLF,

Defendant.

_____/


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT PURSUANT TO F.R.Crim.P. 12(b) AND/OR COMPEL A BILL OF PARTICULARS PURSUANT TO F.R.Crim.P. 7(f)


Of Counsel & On the Brief:
Michael B. Buckley

On the Brief:
Alan R. Levy

## <u>TABLE OF CONTENTS</u>

Table of Authorities…………………………………………………………………….   ii

Introduction & Statement of Facts……………………………………..…………...   1

ARGUMENT…………………………………………………………………….......   4

    **POINT I**

    STANDARD OF LAW ON A MOTION TO DISMISS PURSUANT
    TO FEDERAL RULES OF CRIMINAL PROCEDURE 12(B)............................   4


    **POINT II**

    THE INDICTMENT FAILS TO ALLEGE A PRIMA FACIE CASE
    OF WIRE FRAUD AS LAID OUT BY 18 U.S.C. § 1343...................................   8


    **POINT III**

    THE INDICTMENT FAILS TO COMPLY WITH THE DEPARTMENT
    OF JUSTICE'S OWN GUIDELINES FOR INDICTMENTS OF WIRE
    FRAUD AS LAID OUT BY 18 U.S.C. § 1343...................................................   10

    **POINT IV**

    IN THE EVENT THAT THE INDICTMENT IS NOT DISMISSED,
    DEFENDANT, ALTERNATIVELY, IS ENTITLED TO A BILL OF
    PARTICULARS....................................................................................................   12


CONCLUSION……………………………………………………………….......   14

## __TABLE OF AUTHORITIES__

_Cases_

Fountain v. U.S., 357 F.3d 250 (2nd Cir. 2004)....................................................   8

Hamling v. U.S., 418 U.S. 87 (1974)....................................................   4, 5

Russell v. U.S., 369 U.S. 749 (1962)....................................................   4

U.S. v. Adamo, 534 F.2d 31 (3rd Cir. 1976)....................................................   6

U.S. v. Alfonso, 143 F.3d 772 (2nd Cir. 1998)....................................................   4

U.S. v. Autuori, 212 F.3d 105 (2nd Cir. 2000)....................................................   8, 9

U.S. v. Altman, 48 F.3d 96 (2nd Cir. 1995)....................................................   9

U.S. v. Azad, 809 F.2d 291 (6th Cir. 1986)....................................................   6

U.S. v. Barnett, 2004 WL 764128 (N.D.Ia. 2004)....................................................   6

U.S. v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987)....................................................   12, 13

U.S. v. Brown, 2012 WL 4506553 (W.D.Pa. 2012)....................................................   6

U.S. v. Curtis, 506 F.2d 985 (10th Cir. 1974)....................................................   _passim._

U.S. v. Goldberg, 756 F.2d 949 (2nd Cir. 1985)....................................................   4

U.S. v. Kurtz, 2008 WL 1820903 (W.D.N.Y. 2008)....................................................   5

U.S. v. Lazore, 90 F.Supp.2d 202 (N.D.N.Y. 2000)....................................................   5

U.S. v. Nieman, 265 F.Supp.2d 1017 (N.D.Ia. 2003)....................................................   6

U.S. v. Panza, 750 F.2d 1141 (2nd Cir. 1984)....................................................   12

U.S. v. Regent Office Supply Co., 421 F.3d 1174 (2nd Cir. 1970)....................................................   9

U.S. v. Schwartz, 924 F.2d 410 (2nd Cir. 1991)....................................................   8

U.S. v. Slevin, 106 F.3d 1086 (2nd Cir. 1996)....................................................   8

U.S. v. Smallwood, 2011 WL 2784434 (N.D.Tex 2011)....................................................   6

U.S. v. Starr, 816 F.2d 94 (2nd Cir. 1987)..............................................................   9

U.S. v. Torres, 901 F.2d 205 (2nd Cir. 1990)........................................................   12

U.S. v. Yefsky, 994 F.2d 885 (1st Cir. 1993)........................................................ 5, 9, 10

U.S. v. Zagari, 111 F.3d 307 (2nd Cir. 1997).......................................................   8

*Statutes*

18 U.S.C. § 1341...........................................................................................   8

18 U.S.C. § 1343........................................................................................... *passim.*

*Rules*

Federal Rule of Criminal Procedure 7(c)(1)........................................................   1, 4

Federal Rule of Criminal Procedure 7(f)............................................................   3, 12

Federal Rule of Criminal Procedure 12(b)..........................................................   3, 4

## INTRODUCTION & STATEMENT OF FACTS

The indictment in this action accuses defendant of one count of a violation of 18 U.S.C. § 1343 and specifically states:

> From at least in or about December 2008 through in or about February 2012, in the Southern District of New York and elsewhere, LEONARD WOLF, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representation, and promises, did transmit by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WOLF defrauded an individual into paying him $10 million by falsely claiming that the money would be used for an investment.

Federal Rule of Criminal Procedure 7(c)(1) mandates that indictments must contain the provision of law that the defendant is alleged to have violated in addition to "*a plain, concise and definite written statement of the essential facts constituting the offense charged.*" (emphasis added)  While the indictment in this case contains the provision of law which defendant is alleged to have violated, the indictment does not come anywhere near to providing a "plain, concise and definite written statement of the essential facts."  Moreover, the indictment fails to include any essential facts to support an allegation of wire fraud pursuant to 18 U.S.C. § 1343; i.e. what was defendant's alleged "scheme to defraud."  The following basic questions cannot be answered from even the broadest reading of the indictment?

- What promise did defendant make for the subject $10 million?

- What false claims did the defendant make to the victim?

- What material misrepresentations did defendant make to the victim?

- When did defendant make any material misrepresentations to the victim?

- What was the nature of the investment asserted in the indictment?

- When was the victim supposed to have received what was allegedly promised in exchange of the subject $10 million?

The indictment's lack of "a concise and definite written statement of the essential facts constituting the offense charged" is far more than just a hyper-technical defect in a criminal pleading.  Rather, the indictment fails to provide any facts to allow the defendant to defend himself against!

The indictment claims that defendant violated 18 U.S.C. § 1343 from December 2008 through February 2012, a period of over three (3) years.  The evidence in this case will show that defendant and the alleged victim engaged in numerous personal and financial transactions over a period of several decades.  Indeed, the government has turned over nearly 50 recorded telephone conversations (totaling in excess of 25 hours) between the alleged victim and defendant, but has not identified which portions of those conversations support the criminal charges.

Because the indictment fails to describe the alleged investment, or the nature of defendant's alleged scheme, defendant is now forced to defend each and every conversation/transaction he has ever had with the alleged victim.  This imposes an unfair burden on defendant who must defend himself against a target which is both "moving" and "invisible."  As a result, the indictment is properly dismissed pursuant to Federal Rule of Criminal Procedure 12(b).

In the alternative, if the court chooses not to dismiss the indictment, the defendant is entitled to a Bill of Particulars describing the allegations against him pursuant to Federal Rule of Criminal Procedure 7(f).

## ARGUMENT

### POINT I

### STANDARD OF LAW ON A MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE 12(B)

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires an indictment to include "*a plain, concise and definite written statement of the essential facts* constituting the offense charged." (emphasis added)  The U.S. Supreme Court has long held that if an indictment fails to allege the necessary facts to support all of the elements of the alleged crime, the indictment must be dismissed.  See Russell v. U.S., 369 U.S. 749, 763-64 (1962); Hamling v. U.S., 418 U.S. 87, 117 (1974):

> Where guilt depends so crucially upon such a *specific identification of fact*, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.

Hamling, 418 U.S. at 118 quoting Russell 369 U.S. at 764 (emphasis in Hamling).

Rule 12(b) of the Federal Rules of Criminal Procedure provides that a motion to dismiss may raise "any defense, objection, or request which is capable of determination without a trial of the general issue," including the argument that the indictment is facially deficient.  On a pretrial motion to dismiss pursuant to Rule 12(b), the Court accepts the allegations in the indictment as true, but focuses on whether or not the factual allegations in the indictment support the alleged claim of criminal activity.  See U.S. v. Goldberg, 756 F.2d 949, 950 (2nd Cir. 1985); U.S. v. Alfonso, 143 F.3d 772, 776–77 (2nd Cir. 1998).  However, the court can dismiss an indictment on the basis that the indictment fails to assert the

necessary factual claims explaining how the defendant violated the subject criminal statute.

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.  It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished. Undoubtedly the language of the statute may be used in the general description of an offence, *but it must be accompanied with such a statement of the facts and circumstances* as will inform the accused of the specific offence, coming under the general description, with which he is charged.

Hamling, 418 U.S. at 117 (internal citations omitted) (emphasis added).

Although, the dismissal of an indictment must meet "a high standard," see U.S. v. Lazore, 90 F.Supp.2d 202, 203 (N.D.N.Y. 2000), courts within this Circuit and throughout this country, have dismissed indictments purely due to the facial deficiency of the indictment itself.  See U.S. v. Yefsky, 994 F.2d 885 (1st Cir. 1993) ("[Defendant] could not be expected to defend himself from a charge of conspiring to join a conspiracy to perpetrate a fraud if the indictment did not identify the fraud that was the ultimate underlying offense."); U.S. v. Curtis, 506 F.2d 985 (10th Cir. 1974) (A mail/wire fraud indictment must be dismissed if it "pleads little more than the statutory language without any fair indication of the nature or character of the scheme or artifice relied upon, or the false pretenses, misrepresentations or promises forming a part of it."); U.S. v. Kurtz, 2008 WL 1820903 (W.D.N.Y. 2008) (where court held indictment was "insufficient on its face" since it failed to allege that the victim's property rights were affected by an

alleged violation of the mail/wire fraud statutes); <u>U.S. v. Nieman</u>, 265 F.Supp.2d 1017 (N.D.Ia. 2003) (where court dismissed portion of indictment because it "did not sufficiently allege any conduct" which was violative of the embezzlement statute); <u>U.S. v. Barnett</u>, 2004 WL 764128, *7 (N.D.Ia. 2004) (where the court dismissed a weapons charges because the indictment failed to "specify the date on which Barnett allegedly used and carried the New England shotgun, fails to identify with any clarity the underlying crime of violence, and fails to specify which of the three guns in question "discharged."); <u>U.S. v. Brown</u>, 2012 WL 4506553 (W.D.Pa. 2012) ("An indictment must allege more than just the essential elements of the offense."); <u>but see</u> <u>U.S. v. Azad</u>, 809 F.2d 291, 295 (6th Cir. 1986) ("What distinguishes this indictment from the indictment found defective in [<u>Curtis</u>], . . . is the clear and specific description of the fraudulent scheme found in the present indictment."); <u>U.S. v. Adamo</u>, 534 F.2d 31, 35 (3rd Cir. 1976) ("The <u>Curtis</u> indictment was so vague that trial might have proceeded upon an entirely different concept of the scheme than that contemplated by the grand jury when it returned the indictment. By contrast, the indictment in this case explicitly outlines the elements of the fraudulent plan.")

A District judge in the Northern District of Texas recently put forth sage wisdom regarding the proper drafting of criminal indictments, stating that "generally an indictment that is otherwise good will rarely fail because the drafter was too wordy or long winded." <u>U.S. v. Smallwood</u>, 2011 WL 2784434 (N.D.Tex 2011) <u>quoting</u> Charles A. Wright & Arthur R. Miller; <u>Federal Practice and Procedure § 123</u>, at 571 (4th ed. 2008).  Alas, in this situation, the indictment is

so lacking in any factual description, that it is facially defective and properly dismissed on its face.

**POINT II**

**THE INDICTMENT FAILS TO ALLEGE A PRIMA FACIE CASE OF WIRE FRAUD AS LAID OUT BY 18 U.S.C. § 1343**

The "essential elements of a mail or wire fraud violation are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." Fountain v. U.S., 357 F.3d 250, 255 (2nd Cir. 2004), cert. denied, 544 U.S. 1017 (2005) (quotation marks, citation, and brackets omitted); U.S. v. Zagari, 111 F.3d 307, 327 (2nd Cir. 1997). Because the mail fraud and the wire fraud statutes laid out in 18 U.S.C. §§ 1341 & 1343 use the same relevant language, they are analyzed the same way. See U.S. v. Schwartz, 924 F.2d 410, 416 (2nd Cir. 1991); U.S. v. Slevin, 106 F.3d 1086, 1088 (2nd Cir. 1996).

The Second Circuit Court of Appeals has identified three (3) factors which comprise the first element of mail/wire fraud claims (the "scheme to defraud") as follows:

> As to the first element, the government was required to prove (i) the existence of a scheme to defraud, (ii) the requisite scienter (or fraudulent intent) on the part of the defendant, and (iii) the materiality of the misrepresentations.
>
> …
>
> The mail and wire fraud statutes do not define scheme to defraud, but it has been described as a plan to deprive a person of something of value by trick, deceit, chicane or overreaching. It is characterized by a departure from community standards of "fair play and candid dealings.

U.S. v. Autuori, 212 F.3d 105, 115 (2nd Cir. 2000) (internal quotations and citations omitted). The indictment in this case is fatally deficient because it fails

to meet any of the three factors required to make out a claim that the defendant committed a "scheme to defraud."

As for factor (i), the indictment fails to describe any facts which make out any scheme.   Certainly, the government is not allowed to merely assert a scheme exists without providing any factual support to at least describe the scheme.   See supra, Yefsky, 994 F.2d at 885; Curtis, 506 F.2d at 985. Meanwhile, factor (ii) requires the government to assert that defendant possessed a fraudulent intent.   See U.S. v. Starr, 816 F.2d 94, 98 (2nd Cir. 1987). Although, the government does not need to show actual harm to the victim, they must allege that the defendant, contemplated doing actual harm; i.e. something more than merely deceiving the victim.   See U.S. v. Regent Office Supply Co., 421 F.2d 1174, 1180-81 (2nd Cir. 1970) (where court dismissed the indictments because even though the victims were "deceived", they were not "defrauded"). Again, the indictment fails to indicate how the victim has been harmed by not receiving what he was allegedly promised in exchange for the $10 million. Finally, in regards to factor (iii), the government has an obligation to assert what "affirmative misrepresentations" or "omissions of material information" were made by the defendant.   Autuori, 212 F.3d at 118; U.S. v. Altman, 48 F.3d 96, 102 (2nd Cir. 1995).   As has been repeatedly stated, the indictment fails to identify any of defendant's alleged misrepresentations or omissions let alone meet the government's obligation to assert how they are material to the victim's alleged transaction.

**POINT III**

**THE INDICTMENT FAILS TO COMPLY WITH THE DEPARTMENT OF JUSTICE'S OWN GUIDELINES FOR INDICTMENTS OF WIRE FRAUD AS LAID OUT BY 18 U.S.C. § 1343**

The Department of Justice has made its U.S. Attorneys' Criminal Resources Manual available to the public on its website.  The manual describes what is required to be laid out in an indictment alleging mail/wire fraud; i.e., a rudimentary description of what defendant's scheme was.   Specifically, the manual states:

> Accordingly, a mail fraud or wire fraud indictment should contain *a reasonably detailed description of the particular scheme the defendant is charged with devising* to ensure that the defendant has sufficient notice of the nature of the offense.

See Dep't of Justice, United States Attorneys' Manual § 9-43.100, Criminal Resource Manual at 971, available at http://www.justice.gov/usao/eousa/foia_reading_room/usam/title9/crm00971.htm (emphasis added).  Additionally, the manual provides a well-researched legal recitation of published decisions which have dealt with the standards of acceptable and unacceptable indictments asserting claims of mail/wire fraud.

It is interesting to note that U.S. Attorneys' manual relies so heavily on the Yefsky and Curtis decisions, considering that the Yefsky and Curtis indictments s were rejected because of the lack of factual description in claims of mail/wire fraud.  In this case, the indictment merely states that the defendant "defrauded an individual into paying him $10 million by falsely claiming that the money would be used for an investment" without providing any description of the nature of defendant's "false claims" or the subject "investment."  Indeed, as the Curtis court

plainly stated, "What the scheme and artifice to defraud, or the false and fraudulent pretenses, representations and promises referred to in the indictment were, is left to speculation."  Id. at 989 (internal quotations omitted).  Likewise, in this case, defendant's "scheme and artifice to defraud" and "false claims" are also left to speculation.  If this indictment were allowed to go forward, defendant would be subject to little more than a trial by ambush.

Hence, this indictment is properly dismissed.

**POINT IV**

**IN THE EVENT THAT THE INDICTMENT IS NOT DISMISSED, DEFENDANT, ALTERNATIVELY, IS ENTITLED TO A BILL OF PARTICULARS**

Rule 7(f) of the Federal Rules of Criminal Procedure allows for the Court to compel the government to file and serve a Bill of Particulars to supplement the indictment in certain scenarios.  In the event the court does not dismiss the indictment, this scenario is precisely the type which requires the government to provide a Bill of Particulars.

The proper scope and function of a Bill of Particulars is to furnish facts, supplemental to those contained in the indictment, necessary to apprise the defendants of the charges against them with sufficient precision so as to allow them to prepare a defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense.  See U.S. v. Torres, 901 F.2d 205, 234 (2nd Cir. 1990) overruled on other grounds as recognized by U.S. v. Marcus, 628 F.3d 36 (2nd Cir. 2010); U.S. v. Bortnovsky, 820 F.2d 572, 574 (2nd Cir. 1987) (where Circuit court held the District court abused its discretion in refusing to compel a bill of particulars); U.S. v. Panza, 750 F.2d 1141, 1148 (2nd Cir. 1984).

In Bortnovsky, the Second Circuit held that if the information sought "is provided in the indictment or in some acceptable alternate form," the defendant is not entitled to a bill of particulars.  However, the Bortnovsky defendants were accused of various crimes regarding insurance claims as it related to several burglaries, some of which were fraudulent, and some of which were genuine. The defendants' request for a bill of particulars for information such as the dates of the alleged burglaries was denied.   The Circuit court held that the

government's failure to provide the bill of particulars shifted the burden of proof onto the defendants; since they now were forced to the explain the factual nature of the subject burglaries.

The situation in this case is similar.  The indictment accuses of defendant of defrauding "an individual into paying him $10 million by falsely claiming that the money would be used for an investment."  Not only does the indictment fail to state how the defendant defrauded the alleged victim, but it fails to identify what kind of "investment" the victim was allegedly defrauded by.   Adding another unfair burden to defendant is that he is accused of violating 18 U.S.C. § 1343 for a period of over three (3) years from December 2008 through February 2012, yet the government has failed to identify any specific conversation or transaction.  As stated earlier, not only has the government turned over nearly 50 recorded telephone conversations, but the evidence in this case will reveal that defendant and the alleged victim were personal friends for several decades and participated in numerous personal and financial transactions over that time.  However, since the indictment fails to identify the "scheme to defraud" or the subject "investment", defendant is now compelled to defend everyone one of his financial transactions and communications with the alleged victim over a period of more than three (3) years.  Clearly, the defendant is entitled to far more notice of what the nature of the charges against him are.

In light of the paucity of details in the indictment, in the event that the Court does not dismiss the indictment, defendant is certainly entitled to a bill of particulars.

13

## CONCLUSION

For the reasons stated herein, the indictment against defendant is properly dismissed or in the alternative, the government should be compelled to serve a Bill of Particulars specifying the allegations against defendant.

Dated:        April 22, 2013

BUCKLEY LAW GROUP, P.A.

By:/s/Michael B. Buckley/s/
Michael B. Buckley (MB-7357)
Alan R. Levy (AL-0722)
Attorneys for Defendant
225 Broadway, Suite 2600
New York, NY 10004
(212) 514-7400
f-(212) 514-7404

14