**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
UNITED STATES OF AMERICA        :
                                :
       -against-                :
                                :
LEONARD WOLF,                   :
                                :
              Defendant.        :
------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____         │
│ DATE FILED:_____       │
└─────────────────────────────────┘
```

No. 12 Cr. 968 (JFK)
**OPINION & ORDER**

**JOHN F. KEENAN, United States District Judge:**

Defendant Leonard Wolf has filed two motions in this criminal matter. First, he moves to dismiss the indictment against him, or in the alternative, for a bill of particulars. Second, he moves to suppress recordings of his telephone conversations, or alternatively for an evidentiary hearing. The Government opposes both motions and does not consent to a hearing. For the reasons that follow, Defendant's motions are denied.

## I. Background

Wolf is charged with wire fraud in violation of 18 U.S.C. § 1343. The sealed complaint was filed on October 10, 2012, and the indictment was filed on December 19, 2012. The Government contends that Wolf defrauded one victim into wiring him $10 million with the promise that the money would be invested and, after 18 months, given back with a spectacular return on investment. The Government further asserts that Wolf did not

invest the money as promised, but spent much of it on personal
items for himself. (Compl. at 2-4.)

The Government's case includes a series of recorded
telephone calls between Wolf and the victim of the fraud. Some
of these recordings were made by an FBI agent, who obtained the
witness's consent to record the conversation. Other recordings
were made by the victim without the agent's direct involvement.
(Gov. Opp. at 2.)

## II. Discussion

### A. Defendant's Motion to Dismiss

Wolf first argues that the indictment must be dismissed for
failure to comply with Federal Rule of Criminal Procedure
7(c)(1), because it does not contain facts about the alleged
fraud and because it fails to allege a prima facie case of wire
fraud. Wolf also points out that the Department of Justice's
"United States Attorneys' Manual" states that an indictment for
wire fraud should contain a "reasonably detailed description" of
the scheme. (Mot. at 10.) Wolf argues that in the alternative,
the Court should order the Government to file a bill of
particulars that provides details about the fraud and the
telephone recordings. The Government responds that the
indictment is sufficient and that there is enough detail in the

complaint and discovery to obviate the need for dismissal or a bill of particulars.

"To satisfy the pleading requirements of [Rule] 7(c)(1), an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." United States v. LaSpina, 299 F.3d 165, 177 (2d Cir. 2002) (citation and internal quotation marks omitted); see also United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998).  A court should therefore not dismiss an indictment for lack of specificity absent a showing of prejudice to the defendant.  United States v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999) (quoting United States v. McClean, 528 F.2d 1250, 1257 (2d Cir. 1976)).

Nevertheless, if the charges in the indictment are "so general that they do not advise the defendant of the specific acts of which he is accused," the court may order the Government to supply a bill of particulars.  United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); see Fed. R. Crim. P. 7(f).  A defendant's motion for a bill of particulars should be granted only if necessary to allow the defendant to "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir.

3

1984).  The motion should <u>not</u> be granted to "force the
Government to particularize all of its evidence," <u>United States
v. Cephas</u>, 937 F.2d 816, 823 (2d Cir. 1991), nor if the
information sought has already been provided, <u>see</u> <u>United States
v. Fea</u>, No. 10 Cr. 708, 2011 WL 2119708, at *1 (S.D.N.Y. May 24,
2011) (citing <u>United States v. Barnes</u>, 158 F.3d 662, 665-66 (2d
Cir. 1998)).  "The important question is whether the information
sought is necessary, not whether it is helpful." <u>United States
v. Facciolo</u>, 753 F. Supp. 449, 451 (S.D.N.Y. 1990) (citations
omitted).

The caselaw demonstrates that Defendant's motion lacks
merit.  It is true that the indictment does not contain much in
the way of factual detail; rather, it mostly tracks the language
of the relevant statutes. <u>See</u> <u>United States v. Salazar</u>, 485 F.2d
1272, 1277 (2d Cir. 1973) (noting that the Second Circuit has
"consistently sustained indictments which track the language of
a statute and, in addition, do little more than state time and
place in approximate terms").  However, the alleged fraud is
spelled out in far greater detail in the criminal complaint, to
which the defense has access. <u>See</u> <u>Walsh</u>, 194 F.3d at 47 ("[A]
bill of particulars is not necessary where the government has
made sufficient disclosures concerning its evidence and
witnesses by other means."); <u>United States v. Miller</u>, No. 12 Cr.

4

368, 2012 WL 4791992, at *1 & n.1 (S.D.N.Y. Oct. 9, 2012)
(denying motion to dismiss where the indictment satisfies the
pleading requirements and the criminal complaint contains
additional factual allegations).

Wolf's initial motion papers do not even mention the
complaint.  In his reply memorandum, he asserts that a complaint
cannot save an indictment that is facially deficient. (Reply at
5.)  Setting aside the fact that the caselaw cited by Wolf does
not support his assertion, the indictment in this case is simply
not facially deficient.

Wolf also asserts in his reply that even if the Court
considers the complaint, the Government has nevertheless failed
to allege facts evincing a scheme to defraud. (Reply at 6.)  The
reply then sets forth a series of factual questions that, Wolf
argues, are necessarily answered before a scheme to defraud can
be alleged in this case.  These questions, according to Wolf,
are:

> What was the nature of the $50 million investment
> allegedly described to the "victim" in the "summer of
> 2008?"  What false claims did the defendant make to
> the "victim" in the "summer of 2008" to compel the
> "victim" to pay the $10 million?  What material
> misrepresentations did defendant make to the "victim"
> in the "summer of 2008" to compel the "victim" to pay
> the $10 million?  When was the "victim" supposed to
> have received what was allegedly promised in exchange
> of the subject $10 million?  It is interesting to note

that the Complaint fails to answer any of these
questions.
(Id. at 6–7.)

Wolf is incorrect. The complaint answers all of these
questions. It alleges that Wolf described the scheme to the
victim as a $50 million investment whereby "the money would be
invested through a management group in Marseille, France and
would be held for 18 months" before yielding to the victim a
return worth "several times his initial investment." (Compl. at
2.) Wolf allegedly made false claims about which products and
enterprises the money was being invested in, what countries it
had gone to, and by how much it had grown. Indeed, Wolf's claim
that the money was being invested was itself a
misrepresentation, according to the complaint, which alleges
that Wolf instead used the money for his own personal expenses
such as "cars, jewelry, art, clothing, home construction and a
private jet." (Id. at 4.) For good measure, Wolf allegedly also
lied about holding degrees from MIT, Harvard, and Yale, and
about serving in the Navy. (Id. at 2.)

It is therefore manifestly untrue that "the Government
cannot point to a single false statement or misrepresentation
which led to the victim's alleged $10 million payment." (Reply
at 8.) On the contrary, all of these alleged false claims and
misrepresentations form the basis of Wolf's alleged scheme to

6

defraud the victim. Second Circuit precedent is clear that the Government was not obligated to provide all of this information in the indictment. See United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992). And to the extent that Wolf seeks even more details about the Government's case, that level of specificity is plainly beyond the scope of what is "necessary to the adequate preparation of a defense" under the caselaw. E.g., United States v. Minaya, 395 F. Supp. 2d 28, 36–38 (S.D.N.Y. 2005); see also United States v. Rivera, No. 09 Cr. 619, 2011 WL 1429125, at *8 (Apr. 13, 2011); United States v. Mahaffy, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006) (collecting cases). Accordingly, Wolf's motion to dismiss is denied, as is his alternative motion for a bill of particulars.

### B. Defendant's Motion to Suppress

In a second motion, Wolf argues that recorded telephone calls involving him should be suppressed pursuant to 18 U.S.C. § 2511 because Government has not shown that it had consent to make the recordings. Wolf acknowledges that the Government only needs consent of one of the parties to the calls, but suggests that the other party on these calls — the victim of the alleged fraud — may have been "compelled to have the conversations recorded against his will." (Mot. at 6.) Wolf offers additional reasons that the calls should be suppressed, including citations

to Florida state law, the personal nature of some of the calls, and purported "glitches" in two of the sixty-five calls produced by the Government.  Wolf moves in the alternative for an evidentiary hearing to determine the authenticity and "voluntariness" of the recordings. (Mot. at 9.)

None of Wolf's arguments are even colorable.  The general prohibition on intentionally intercepting telephone conversations does not apply when one party to the conversation consents, either expressly or impliedly, to the recording. See 18 U.S.C. § 2511(2)(c); United States v. Willoughby, 860 F.2d 15, 19 (2d Cir. 1988).  The recordings involved in this case were made with the consent of the victim — indeed, some were made by the victim.  The Government represents to the Court that it told this to Wolf, and also provided him with a copy of the victim's written consent, which is Exhibit A to the Government's opposition papers.

The defense's assertion that the Government may have forced the victim to record evidence of the fraud allegedly perpetrated upon him is belied by the written consent and by the fact that the victim himself made some of the recordings. Cf. United States v. Bonanno, 487 F.2d 654, 658–59 (2d Cir. 1973) (consent of informant is inferred where he "went ahead with a call after knowing what the law enforcement officers were about").  Nor can

8

Florida state law preclude evidence in a federal prosecution.
See, e.g., United States v. Morrison, 153 F.3d 34, 57 (2d Cir.
1998) ("[E]vidence admissible under federal law cannot be
excluded because it would be inadmissible under state law."
(citations and internal quotation marks omitted)).  Finally, to
the extent that the defense has legitimate objections as to the
relevance or authenticity of specific recordings, those
objections can be addressed if and when the Government seeks to
introduce those recordings at trial.  Thus, there is presently
no basis for suppression and no need for an evidentiary hearing.

### III.   Conclusion

For the reasons stated above, Defendant's motion to dismiss
the indictment, or for a bill of particulars, is denied.  His
motion to suppress the recordings of his telephone
conversations, or for an evidentiary hearing, is also denied.
The next conference in this case is scheduled for June 4, 2013.


**SO ORDERED.**

Dated:    New York, New York
          May 30 , 2013

                                        _____
                                            John F. Keenan
                                        United States District Judge

9