UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,               :

      -against-                                    :         12 CR 968 (KMW)

LEONARD WOLF,                           :
            Defendant.           :
-------------------------------------------------------------------x

MOTION TO WITHDRAW PLEA OF GUILTY

LEONARD WOLF, represented by the undersigned counsel, moves herein pursuant to Fed. Rule Crim. Proc. 11(d)(2)(B) to withdraw his plea of guilty entered on July 23, 2014.

RELEVANT FACTS AND BACKGROUND

The relevant facts are set forth in the accompanying Declaration of Leonard Wolf dated June 19, 2015, Exhibit A, and the Affirmation of Avrom Robin, Esq. dated June 19, 2015, Exhibit B.

ARGUMENT

1. CASE LAW

The Federal Rules of Criminal Procedure allow a defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. Rule Crim. Proc. 11(d)(2)(B). In reviewing whether the request is supported by a fair and just reason, a district court "should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v.*

*Wilson,* 828 F. Supp. 2d 679, 683 (S.D.N.Y. 2011) (*citing United States v. Doe,* 537 F.3d 204, 211 (2d Cir. 2008)). "Courts may also look to whether the defendant has 'raise[d] a significant question about the voluntariness of the original plea.'" *Id.* (*quoting United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997)). Accordingly, "[a] separate basis for withdrawal of a guilty plea occurs if a defendant received ineffective assistance of counsel. 'Ineffective assistance of counsel during plea negotiations can invalidate a guilty plea and make granting withdrawal appropriate, to the extent that the counsel's deficient performance undermines the voluntary and intelligent nature of defendant's decision to plead guilty.'" *Wilson,* 828 F. Supp. 2d at 683 (*quoting United States v. Arteca,* 411 F.3d 315, 320 (2d Cir.2005)).

In challenging counsel's assistance during the plea phase, the well-known standard from *Strickland v. Washington* governing ineffective assistance of counsel applies. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). Thus, a defendant seeking to challenge the validity of his guilty plea must show: (1) "that counsel's representation fell below an objective standard of reasonableness," and; (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."*Strickland v. Washington,* 466 U.S. 668, 687-88, 694 (1984).

In the plea context, the second prong requires that "the Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."*Hill, 474 U.S. at 59.* Where a "defendant's specific claim is that counsel has misled him as to the possible sentence which might result from a plea of guilty,… the issue is whether the information would have made any difference in his decision to enter a plea." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (*citing Ventura v. Meachum,* 957 F.2d 1048, 1058 (2d Cir.1992)).

The Second Circuit has also held that "factual misinformation of the kind at issue in *Hill*, to the extent that it renders the decision to plead guilty less than voluntary or intelligent, may provide a basis for withdrawing a plea." *United States v. Arteca*, 411 F.3d 315,321 (citing *United States v. Sweeney,* 878 F.2d 68,70 (2d Cir. 1989); *United States ex rel. Hill v. Ternullo*, 510 F.2d 844,847 (2d Cir.1975)). At issue in *Hill* was "erroneous legal advice about the ultimately knowable," *Hill* at 847. The argument for Mr. Wolf is that by extension, if factual misinformation about a sentence after a guilty plea is ineffective, so is factual misinformation about sentence after a trial conviction.

Finally, regarding the importance of this issue of incorrect advice on potential sentence, "[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case … [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision." *Boria v. Keane,* 99 F.3d 492,496-97 (2d Cir. 1996). And so, "it follows that '[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty.'" *United States v. Gordon,* 156 F.3d 376,380 (2d Cir. 1998), citing *United States v. Day,* 969 F.2d 39,43 (3d Cir. 1992).

2. DISCUSSION

In the instant case, numerous facts support granting Mr. Wolf's motion. First, withdrawal pursuant to Federal Rule of Criminal Procedure 11 is warranted because Mr. Wolf has advanced numerous fair and just reasons for requesting the withdrawal, as detailed in his Declaration. Second, both of the prongs of the *Strickland* test for ineffective assistance of counsel have been met here, supporting withdrawal of Mr. Wolf's guilty plea on those grounds as well.

3

Specifically, looking at the three factors discussed in *United States v. Doe,* withdrawal is appropriate in the instant matter. The first element looks to the time period between the time the plea was entered and a motion was made for withdrawal. Although a relatively long time period elapsed - just over six months from July 23, 2014, when the plea was entered, to February 6, 2015, when Mr. Wolf wrote his letter/motion to the Court - he advances a reasonable explanation: he was basically unrepresented during that time period, and had no advice of counsel regarding the importance of bringing his motion to withdraw the plea in a timely fashion.

The second factor in reviewing whether a withdrawal of a guilty plea is justified is whether actual innocence is claimed, and Mr. Wolf does make that claim, both in his *pro se* letter/motion, Exhibit C, and in his accompanying Declaration, Exhibit A.

The third element in reviewing a request to withdraw a guilty plea pursuant to Rule 11, is whether the government would suffer prejudice as a result. I submit that given that the government has already prepared this case for trial, and given that it would be a relatively short trial, with a limited number of witnesses, the prejudice to the government is quite limited.

In addition to withdrawal under Rule 11, ineffective assistance of counsel constitutes a separate and distinct ground for withdrawal of a guilty plea, if such a plea was not given voluntarily and intelligently. *Wilson,* 828 F. Supp. 2d at 683. As noted above, the *Strickland* test for ineffective assistance of counsel in the plea context requires a defendant seeking to withdraw his plea to prove that his counsel's performance fell below an objective standard, and that, but for his counsel's errors, the result of the proceeding would have been different.

In the instant case, it seems readily apparent that Mr. Buckley and Mr. Cohen's performance fell below an objective standard of reasonableness. Mr. Wolf asserts that he was never advised of the potential guideline range in the event of conviction at trial, and that he only

4

learned that fact from the Presentence report ("PSR") prepared after his guilty plea. Mr. Wolf asserts further that he was advised by counsel that he would be sentenced to 30 years if convicted at trial. While that sentence does accurately represent the statutory maximum, it was a highly unlikely outcome, being three times the guideline range found by the Probation Department in the PSR.

Most alarmingly, Mr. Wolf claims he was further advised by counsel that the guilty plea could be appealed, and would likely be overturned by the Court of Appeals. Certainly, a denial of a motion to withdraw a guilty plea is appealable, but a survey of Second Circuit law on this issue shows that district court denials of these motions are almost always affirmed, and are rarely reversed.

The second prong of the *Strickland* test, with regard to withdrawal of a guilty plea, analyzes whether the results of the proceeding would have been different but for counsel's errors. Here, Mr. Wolf, in his Declaration, indicates that he would have proceeded with the trial but for the wrongful advice of Mr. Buckley and Mr. Cohen, who materially misled him when they told him he would be sentenced to 30 years if convicted by the jury.

Mr. Wolf states that he only pled guilty to the charges based on the "advice of counsel," not because he was, in fact, guilty. Moreover, Mr. Wolf states that at the plea hearing he "was very nervous, and confused, and exhausted from the two days of trial, and so I acted on the advice of Buckley and Cohen and simply answered yes even if I did not fully understand the questions or consequences of my answers." Declaration, Exhibit A, ¶ 27.

So it is quite clear from Mr. Wolf's Declaration that his abrupt change of course, after the second day of trial, was based on counsel's advice to him that he would receive the statutory

5

maximum if convicted. And, Mr. Wolf's guilty plea was not knowing and intelligent, but rather the product of fear, alarm, and desperation on his part.

CONCLUSION

Mr. Wolf respectfully requests that the Court allow him to withdraw his plea, because his plea was not made voluntarily and intelligently, but was instead based upon fear and incorrect legal advice, as well as other demonstrated ineffective assistance of counsel.

WHEREFORE, Mr. Wolf respectfully requests the Court grant this motion to withdraw his guilty plea entered on July 23, 2014, or, grant a hearing to resolve factual issues, or schedule argument before the Court on this motion.

Respectfully submitted,

\_\_\_/s/ filed via ECF\_\_\_
AVROM ROBIN
Attorney for Leonard Wolf
Law Offices of London & Robin
99 Park Avenue, PH A
New York, NY 10016

copy via email: A.U.S.A. Niketh Velamoor and A.U.S.A. Jonathan Cohen

copy via ECF: all counsel